IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PVT, LLC, d/b/a
PIZZA VS. TACOS

                                                                                              PLAINTIFF

v.                                                                 CIVIL ACTION NO. 1:20-CV-00135-GHD-DAS

AMGUARD INSURANCE COMPANY and
JOHN DOES 1-3                                                         DEFENDANTS

**OPINION GRANTING PLAINTIFF'S MOTION TO REMAND**

Presently before the Court is the Plaintiff's Motion to Remand, in which the Plaintiff argues that the Court lacks jurisdiction in this matter due to the requirements of diversity jurisdiction [7]. Upon due consideration, for the reasons set forth herein, the Court hereby grants the Plaintiff's motion.

### I.    Factual Background and Procedural History

The Plaintiff is a Mississippi corporation with its principal place of business located in Tupelo, Mississippi [2, at ¶ 1]. The Plaintiff operates a restaurant business there [*Id.*, at ¶ 3]. Defendant AmGUARD Insurance Company is an insurance company that issued the Plaintiff a commercial businessowner's insurance policy [10, at ¶ 6]. The Defendant is a corporation organized under the laws of the State of Pennsylvania; its principal place of business is located in Wilkes Barre, Pennsylvania [1, at ¶ 4]. In its Complaint, the Plaintiff provides no further details regarding the Doe Defendants, and instead connects them with Defendant AmGuard [2, at 2]. As these individuals appear to have no bearing on the case, the Court shall set them aside and focus on the named Defendant, AmGUARD. The Plaintiff filed an insurance claim with the Defendant for business interruption coverage for alleged losses that the Plaintiff sustained as a result of the city and state government orders issued in response to the COVID-19 pandemic [2, at ¶ 54]. The

Defendant denied by letter dated April 24, 2020, the Plaintiff's claim for coverage [2, at ¶ 55; 10, at ¶ 55]. On May 19, 2020, the Plaintiff filed its Complaint in the County Court of Lee County, Mississippi, seeking declaratory relief and an award of damages [2, at 21-23]. Specifically, the Plaintiff seeks several declarations from the Court that collectively amount to a judicial declaration stating that the Plaintiff is entitled to coverage under its insurance policy [*Id.*]. The Plaintiff also seeks "[a]n award of damages to Plaintiff in an amount not to exceed the jurisdictional limits of this court, not to exceed the amount of Seventy Four Thousand Four Hundred Ninety Nine, Dollars ($74,499.00) for damages incurred as a result of Defendants' failure to accept Plaintiff's valid claim under the policy of insurance" and "such other and further relief as the Court deems just and proper" [*Id.*, at ¶¶ K-L]. The Defendant filed a Notice of Removal on June 25, 2020, bringing this case to this Court [1]. The Plaintiff filed its Motion to Remand on July 6, 2020 [7], in which it included a stipulation stating that it would not "seek to recover at the trial of this case damages in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs" [7-2, at ¶ C], that it would not execute on any judgment rendered in its favor in excess of $75,000 [*Id.*, at ¶ D], and that it would agree to a remitter to $75,000, should the need arise [*Id.*, at ¶ E]. The Defendant filed its Response in Opposition to the Plaintiff's Motion to Remand on July 16, 2020 [8]. The Plaintiff filed its Reply in Support of its Motion to Remand on July 23, 2020 [15]. The matter is now ready for review.

## II. Legal Standard

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— [] citizens of different States...." 28 U.S.C. § 1332(a)(1). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)). When considering the issue of removal, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

> 'The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.' When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, 'the "object of the litigation" is the policy and the "value of the right to be protected" is plaintiff's potential liability under that policy.' Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs.
> *Id.* at 1252–53 (citations omitted).

Critically, the Court considers the facts "as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Id.* at 1253–54; *see also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995)). A court's inquiry into the appropriateness of removal "does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad

faith." *De Aguilar*, 47 F.3d at 1410. "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. Such a rule is necessary to avoid… manipulation" by plaintiffs "who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading. Such manipulation is surely characterized as bad faith." *Id.* at 1410–11 (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985) and 1A James W. Moore et at., Moore's Federal Practice ¶ 0.158, at 204–05 (2d ed. 1993)). "Consequently, the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id.* at 1412.

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. A "[p]laintiff's 'legal certainty' obligation might be met in various ways.… [a] [p]laintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment. Absent such a statute, '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, a court may consider post-removal affidavits in determining the

amount in controversy at the time of removal if the basis for jurisdiction is ambiguous at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### III. Legal Analysis and Application

The Court begins its investigation by considering the amount in damages sought by the Plaintiff. However, this amount itself is ambiguous in the Complaint, as the Plaintiff requests— in addition to "such other and further relief as the Court deems just and proper"— two separate figures simultaneously: "[a]n award of damages to Plaintiff in an amount not to exceed the jurisdictional limits of this court," i.e. state county court, which equates to $200,000, as per Miss. Code Ann. § 9-9-21, and "not to exceed the amount of Seventy Four Thousand Four Hundred Ninety Nine, Dollars ($74,499.00) for damages incurred as a result of Defendants' failure to accept Plaintiff's valid claim under the policy of insurance" [2, at 23, ¶ K]. This ambiguity indicates, at best, poor draftsmanship on the part of the Plaintiff, and at worst an attempt to circumvent jurisdictional limits by presenting two alternative values. Nevertheless, due to these separate clauses and the fact that the Plaintiff failed to provide a stipulation as to damages with its Complaint, it is not "facially apparent" that the claims exceed the jurisdictional amount, and so the Court must look to 'summary judgment-type' evidence. *See Greenberg*, 134 F3d. at 1253.

In an effort to resolve the ambiguity in its Complaint and correct its mistake, the Plaintiff has filed with its Motion to Remand a stipulation expressly limiting itself to only $75,000 in total damages [7-2]. In light of the lack of clarity on this issue at the time of removal, the Court accepts this post-removal stipulation for consideration when determining the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Thus, the Court considers this stipulation to be both binding and conclusive, and finds that the amount in controversy is less than $75,000. Consequently, because the requirements for federal jurisdiction

have not been met, the Court lacks jurisdiction in this matter, and shall remand the case to state court for adjudication.

## IV. Conclusion

In light of the analysis above, the Court finds that the amount in controversy, as interpreted by the Plaintiff's stipulation, is less than $75,000, and that as a result, diversity jurisdiction is not present in this case. Therefore, the case shall be remanded to the County Court of Lee County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of March, 2021.

_____
SENIOR U.S. DISTRICT JUDGE